# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA D. TUCKER,<br><br>                              Plaintiff,<br>   vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                             Defendant. | CASE NO. 07CV1034 WQH (WMc)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

HAYES, Judge:

      Pending before the Court is Defendant Michael J. Astrue's motion to dismiss Plaintiff's Petition for Writ of Mandamus. (Doc. # 8).

## PROCEDURAL BACKGROUND

      On June 6, 2007, Plaintiff Melissa D. Tucker filed a Petition for Writ of Mandamus against Defendant Michael J. Astrue, the Commissioner of the Social Security Administration. (Doc. # 1). By way of the Petition, Plaintiff seeks to compel the Social Security Administration's Appeals Council to review the decision of an Administrative Law Judge dismissing Plaintiff's Social Security benefits case. On August 17, 2007, Defendant moved to dismiss the Petition pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). (Doc. # 8). On October 3, 2007, Plaintiff filed an opposition to the motion to dismiss. (Doc. # 11). Defendant did not file a reply.

## ALLEGATIONS OF THE PETITION FOR WRIT OF MANDAMUS

On October 18, 2004, Plaintiff filed an application for disability insurance benefits with the Social Security Administration. On January 13, 2005, and May 10, 2005, the Social Security Administration denied the application initially and on reconsideration. Thereafter, Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ), and the ALJ scheduled a hearing for August 10, 2006.

On August 10, 2006, Joseph Massa appeared at the ALJ hearing on behalf of Plaintiff. Plaintiff did not appear at the hearing, and the ALJ issued a notice to show cause with respect to Plaintiff's failure to appear. On September 1, 2006, the ALJ dismissed Plaintiff's request for a hearing and closed the case.

On September 28, 2006, Plaintiff's counsel filed a request for review of the ALJ's order of dismissal by mailing the request to the Appeals Council at a United States post office. The Appeals Council did not respond to the request of September 28, 2006, and on December 18, 2006, Plaintiff sent a follow-up letter to the Appeals Council requesting the status of Plaintiff's September 28, 2006, request for review.

In a letter dated March 13, 2007, the Appeals Council notified Plaintiff's counsel that it had never received a request for review dated September 28, 2006, and further, ordered Plaintiff to show cause why the time for review should be extended in order to consider the December 18, 2006, letter as the initial request for review. On March 27, 2007, and in response to the Appeals Council's letter of March 13, 2007, Plaintiff's counsel re-submitted to the Appeals Council the September 28, 2006, request for review, along with a photocopy of a certificate of mailing with a postmark of September 28, 2006.

On May 8, 2007, the Appeals Council dismissed Plaintiff's request for review as untimely. The Appeals Council concluded that it never received Plaintiff's September 28, 2006, request for review, and treated Plaintiff's December 18, 2006, follow-up letter as Plaintiff's initial request for review. The Appeals Council concluded that the December 18, 2006, letter did not constitute a timely request for review because Plaintiff filed the request more than sixty days after Plaintiff received notice of the ALJ's September 1, 2006, decision dismissing Plaintiff's case. The Appeals Council deemed Plaintiff's September 28, 2006, certificate of mailing inadequate proof of timely filing.

## STANDARD OF REVIEW

Federal judicial power extends only to cases and controversies over which a court has subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); *Barker-Hatch v. Viejas Group Baron Long Capitan Grande Band of Diqueno Mission Indians of Viejas Group Reservation,* 83 F. Supp. 2d 1155, 1156 (S.D. Cal. 2000). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for dismissal where there is a "lack of jurisdiction over the subject matter" of the suit. FED. R. CIV. P. 12(b)(1). A federal court must consider its own subject matter jurisdiction prior to ruling on any other motion. *See U.S. v. Ceja–Prado,* 333 F.3d 1046, 1049 (9th Cir. 2003).

A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). If a defendant brings a facial attack–arguing that the allegations in the complaint are insufficient to attain jurisdiction–the Court's inquiry is the same as when ruling on a motion to dismiss under Rule 12(b)(6). *Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1124 (S.D. Cal. 2005). Specifically, the reviewing court must accept as true the allegations of the complaint and must construe the complaint in favor of the complaining party. *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001) (citations omitted); *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Id.* (citing FED R. CIV. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further,

1  must accept as true all material allegations in the complaint, as well as any reasonable inferences to
2  be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003), *see also Chang v.*
3  *Chen*, 80 F.3d 1293 (9th Cir. 1996). In considering a Rule 12(b)(6) dismissal, a court may not look
4  beyond the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

## DISCUSSION

6  Defendant contends that Plaintiff's Petition should be dismissed because (1) the Court does
7  not have mandamus jurisdiction and (2) the Petition fails to allege facts which entitle Plaintiff to relief.
8  Specifically, Defendant contends that the Appeals Council's decision to deny Plaintiff's request for
9  review was discretionary and not subject to review, and further, that Plaintiff provided no evidence
10 that the Appeals Council received a request for review within sixty days of the ALJ's decision
11 dismissing Plaintiff's underlying case.

12 Plaintiff contends that she timely filed a request for review on September 28, 2006, and notes
13 that she provided the Appeals Council with a properly postmarked certificate of mailing. Plaintiff
14 contends that Defendant has a non-discretionary duty to review the ALJ's decision on the merits given
15 Plaintiff's timely filing of the request for review. Plaintiff contends that filing a Petition for Writ of
16 Mandamus was the only way to ensure review of her Social Security case on the merits.

17 **I. Whether this Court has Mandamus Jurisdiction Pursuant to 28 U.S.C. § 1361**

18 "District courts have jurisdiction over 'any action in the nature of mandamus to compel an
19 officer or employee of the United States or any agency thereof to perform a duty owed to the
20 plaintiff.'" *Finch v. Barnhart*, 463 F. Supp. 2d 1002, 1005 (C.D. Cal. 2006) (citing 28 U.S.C. § 1361).
21 "Section 1361 'is an appropriate basis for jurisdiction in an action challenging procedures used in
22 administering social security benefits.'" *Id.* (citing *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir.
23 2003)); *see also Dietsch v. Schweiker*, 700 F.2d 865, 867-68 (2d Cir. 1983). "Mandamus is an
24 extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the
25 individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so
26 plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare*,
27 325 F.3d at 1084 (citing *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)).

28 > Social Security regulations provide that a claimant who is dissatisfied with an ALJ's decision 'may request that the Appeals Council review that action.' 20 C.F.R. §

404.967. A request for Appeals Council review must be filed '[w]ithin 60 days after the date [the claimant] receive[s] notice of the hearing decision or dismissal . . . .' 20 C.F.R. § 404.968(a). The claimant is presumed to have received notice of the decision within five days after the date of the notice unless the claimant demonstrates she did not receive the notice within the five-day period. 20 C.F.R. § 404.901. 'Thus, a claimant in actuality has 65 days from the date of the ALJ's decision in which to file a request for review.' *Dietsch*, 700 F.2d at 867. The time for filing a request for review may be extended, however, if the claimant shows she has 'good cause for missing the deadline.' 20 C.F.R. §§ 404.911, 404.968(b).

*Finch*, 463 F. Supp. 2d at 1005-1006. The Appeals Council "will dismiss" a request for review if the request is not filed within the "stated period of time and time for filing has not been extended." 20 C.F.R. § 404.971. "The dismissal of a request for Appeals Council review is binding and not subject to further review." 20 C.F.R. § 404.972.

Plaintiff contends that she timely requested Appeals Council review of the ALJ's decision denying the hearing request, and thus seeks to compel the Appeals Council to review the ALJ's decision on the merits. Defendant contends that Plaintiff did not timely file the request for review with the Appeals Council, and regardless, contends that the Appeals Council's decision to deem Plaintiff's request for review untimely is discretionary and not subject to review under the mandamus statute.

Presented with "a claimant's contention that the Appeals Council erroneously dismissed a timely filed request for review," other courts have concluded that mandamus jurisdiction exists to review the claimant's contentions. *Finch*, 463 F. Supp. 2d at 1007; *see also Dietsch*, 700 F.2d at 868. For instance, the Court of Appeal for the Second Circuit held that:

> Assuming for the moment that plaintiff's request for review was mailed within the 60-day period, then, if mailing constitutes filing, the Secretary erroneously dismissed plaintiff's timely request for review. Plaintiff's challenge is a procedural one: he seeks to compel the Appeals Council to perform its duty with respect to a timely request for review, 20 CFR §§ 404.967, 404.981, and either deny the request or review his case. He has no other avenue for relief. And his procedural dispute is unrelated to the merits of his claim for benefits. We conclude that the district court had mandamus jurisdiction under 28 U.S.C. § 1361 to consider his claim.

*Dietsch*, 700 F.2d at 868. Similarly, in *Finch*, the United States District Court for the Central District of California held that,

> The Commissioner owes plaintiff a nondiscretionary duty to adjudicate her claim for disability benefits in accordance with the requirements of the Act and its regulations. . . . Absent circumstances not present here, such as a claimant's death or the voluntary withdrawal of a request for review, Social Security regulations require the Appeals Council to either deny or review a timely request for review. . . . Moreover, plaintiff

has no other avenue for relief in addressing her procedural claim that she timely mailed her request for review to the Appeals Council; therefore, mandamus jurisdiction is appropriate.

*Finch*, 463 F. Supp. 2d at 1007.  As in *Dietsch* and *Finch*, this Court is presented with a contention that the Appeals Council erroneously dismissed a timely request for review.  After reviewing the case law, and recognizing that (1) Plaintiff has no other avenue for relief and (2) "[t]he Commissioner [of Social Security] owes plaintiff a nondiscretionary duty to adjudicate her claim for disability benefits," the Court concludes that it has mandamus jurisdiction pursuant to 28 U.S.C. § 1361 to review Plaintiff's claim "that she timely mailed her request for review to the Appeals Council . . . ." *Finch*, 463 F. Supp. 2d at 1007; *see also Dietsch*, 700 F.2d at 868.

Defendant's motion to dismiss Plaintiff's Petition for Writ of Mandamus for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is DENIED.

**II.  Whether Plaintiff has Alleged Facts Which Entitle Her to Relief**

Plaintiff alleges that she timely filed a request with the Appeals Council to review the decision of the ALJ denying Plaintiff's request for a hearing and dismissing Plaintiff's case.  Plaintiff further alleges that the Appeals Council improperly dismissed her case for failure to timely file a request for review with the Appeals Council.  The Court concludes that Plaintiff has alleged facts which, if proved, could entitle her to relief.  *See Finch*, 463 F. Supp. 2d at 1007; *see also Dietsch*, 700 F.2d at 868.

Defendant's motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) is DENIED.

**CONCLUSION**

Defendant's motion to dismiss (Doc. # 8) is DENIED.  Defendant shall file an answer to Plaintiff's Petition for Writ of Mandamus on or before Monday, December 17, 2007.

**IT IS SO ORDERED**.

DATED: November 16, 2007

**WILLIAM Q. HAYES**
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28